Slip Op. 18-138

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TABACOS DE WILSON, INC., TOBACCO RAG PROCESSORS, INC., BROWN-USA, INC., NIPPON AMERICA GROUP/OKURA USA INC., SKATE ONE CORPORATION, ALLIANCE INTERNATIONAL, CHB, INC., C.J. HOLT & COMPANY, INC., and CUSTOMS ADVISORY SERVICES, INC., | |
| Plaintiffs, | Before: Jane A. Restani, Judge |
| v. | Court No. 18-00059 |
| UNITED STATES, UNITED STATES CUSTOMS AND BORDER PROTECTION, STEVEN T. MNUCHIN, In his official capacity as Secretary of the Treasury, and ACTING COMMISSIONER KEVIN K. MCALEENAN, In his official capacity as Commissioner, U.S. Customs & Border Protection, | |
| Defendants. | |

## OPINION

[Finding a failure to issue statutorily required drawback regulations within the congressionally-mandated time frame; granting relief to expedite promulgation of final regulations.]

Dated: October 12, 2018

John Peterson, Richard O'Neill, and Russell Semmel, Neville Peterson, LLP, of New York, NY, for Plaintiffs Tabacos de Wilson, Inc., Tobacco Rag Processors, Inc., Brown-USA, Inc., Nippon America Group/Okura USA Inc., Skate One Corporation, Alliance International, CHB, Inc., C.J. Holt & Company, Inc., and Customs Advisory Services, Inc.

Claudia Burke, Assistant Director, Justin Miller, Senior Trial Counsel, and Jamie Shookman, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, argued for Defendants United States; United States Customs and Border Protection; Steven T. Mnuchin, Secretary of Treasury; and Kevin K. McAleenan, Acting

Commissioner of U.S. Customs & Border Protection.  Of counsel on the brief were Alexandra Khrebtukova, Attorney, International Trade Litigation, Office of Chief Counsel, U.S. Customs and Border Protection, and Daniel Paisley, Counsel for Tax, Trade & Tariff Policy, U.S. Department of the Treasury, of Washington, D.C.

     **Restani, Judge**:  In this action seeking to expedite promulgation of final regulations implementing Section 906 of the Trade Facilitation and Trade Enforcement Act of 2015 ("TFTEA"), Tabacos de Wilson, Inc., Tobacco Rag Processors, Inc., Brown-USA Inc., Nippon America, Inc., Skate One Corporation, Alliance International, CHB, Inc., C.J. Holt & Company, Inc., and Customs Advisory Services, Inc. (collectively, "Plaintiffs") request that the court direct United States Customs and Border Protection ("CBP") and the United States Department of the Treasury ("Treasury") to issue, as an interim final rule ("IFR"), certain regulations recently published as part of a notice of proposed rulemaking ("NPRM").  The court concludes an interim final rule is not an appropriate remedy, but concludes that expedited promulgation of a final rule is warranted to prevent continued harm to plaintiffs as members of the importing public. Thus, the court orders that the final rule be published in the Federal Register by December 17, 2018, as set forth specifically in the accompanying order.

## BACKGROUND

     The court assumes all parties are familiar with the facts of the case as discussed in Tabacos de Wilson, Inc. v. United States, Slip Op. 18-81, 2018 WL 3203389 (CIT June 29, 2018) ("Tabacos I"), in which the court dismissed some of the plaintiffs' claims but permitted the claim at issue to proceed.  For the sake of convenience, the facts relevant to this opinion are summarized herein.  Section 906 of the TFTEA, Pub. L. No. 114-125, 130 Stat. 122 (2016),

amended the Tariff Act (as codified in 19 U.S.C. § 1313 (2016),[1] the statute governing duty

drawback claims and payments ("drawbacks").[2] The changes mandated by the law were

supposed to simplify drawback claims, making them less burdensome for both claimants and

CBP. See Defendants' Memorandum in Support of its Motion to Dismiss and Opposition to

Plaintiffs' Motion for Preliminary Injunction: Defendant's Exhibit 1, Doc. No. 23-2, 2–3(Apr.

13, 2018).  Congress provided Treasury two years from the enactment of the TFTEA to

promulgate regulations implementing the TFTEA's drawback amendments.  TFTEA §

906(g)(l)(2)(A).[3]  Treasury did not meet the two-year deadline, which lapsed on February 24,

2018.  This date also marked the beginning of a transition year, set to end on February 23, 2019,

TFTEA § 906(q)(1)(B), during which drawback claimants could file drawback claims under 19

U.S.C. § 1313, as it was pre-TFTEA, or under that statutory provision as amended by the

TFTEA.  TFTEA § 906(q)(3).  Had regulations been promulgated promptly, this transition

---

[1] Unless otherwise indicated, all citations to the Tariff Act of 1930 concern portions of Title 19 of the U.S. Code, as amended by the TFTEA.

[2] Drawbacks are refunds of a customs duty, fee, or internal revenue tax paid on imported merchandise.  19 C.F.R. § 191.2(i) (2010).  Drawbacks are available where, inter alia, imported goods are directly used in producing a good for export, 19 U.S.C. § 1313(a); 19 C.F.R. § 191.2(h) ("direct identification drawbacks"), imported and substitute goods of the "same kind and quality" are used to produce goods for both domestic use and export, 19 U.S.C. § 1313(b); 19 C.F.R. § 191.2(x)(1) ("substitution manufacturing drawbacks"), imported goods do not conform to specifications and are exported, 19 U.S.C. § 1313(c) ("rejected merchandise drawbacks"), imported goods are exported without having been used in the United States, id. § 1313(j)(1)(A)(i) ("unused merchandise drawbacks"), and "substituted" goods are exported without having been used in the United States, id. § 1313(j)(2) ("substitution unused merchandise drawbacks").

[3] The statute requires that "[n]ot later than the date that is 2 years after the date of the enactment of the Trade Facilitation and Trade Enforcement Act of 2015, the Secretary shall prescribe regulations for determining the calculation of amounts refunded as drawback under this section." TFTEA § 906(g)(l)(2)(A).

period would have allowed importers a chance to understand and adjust to the new regulations
and its associated programmatic changes, as well as to obtain the regulatory benefits associated
with the new statute.

In lieu of new regulations, CBP published an "interim guidance document."  See
generally U.S. CUSTOMS AND BORDER PROTECTION, DRAWBACK: INTERIM GUIDANCE FOR FILING
TFTEA DRAWBACK CLAIMS, VERSION 3 (Mar. 26, 2018) ("IGD").[4]  The IGD indicates CBP will
accept claims filed under the new TFTEA rules, but will not process these claims until Section
906 implementing regulations are developed by Treasury, published in a NPRM, subjected to
notice and comment, edited as necessary, and issued as final rules.  See IGD at 15.  Of greatest
concern to plaintiffs, because regulations implementing the new law were not in place, plaintiffs
could not receive payment pre-liquidation, i.e. accelerated drawback.  See Tabacos I, at *6.  In
Tabacos I, the court found the IGD did not fulfill the statutory mandate and concluded, "[i]n
failing to promulgate the implementing regulations by February 24, 2018, Defendants have
exceeded a legislative deadline imposed by Section 906(g)(l)(2)(A)."  Tabacos I, at *8.

After a year of internal review, on April 6, 2018, Treasury transmitted an NPRM which
included, inter alia, regulations implementing Section 906, to the Office of Management and
Budget ("OMB") for interagency review.  See Defendants' Memorandum in Support of its
Motion to Dismiss and Opposition to Plaintiffs' Motion for Preliminary Injunction, Doc. No. 23-
1, at 9–10. (Apr. 13, 2018).  At the time of Tabacos I, the court found that "Treasury is
proceeding through the notice-and-comment process as expeditiously as is now possible," but

---

[4] All citations to the interim guidance document refer to Version 3, the most current version as of
October 2, 2018.

admonished the government that "[i]f . . . [it] fails to promulgate the regulation within a

reasonable timeframe, for example, if it is unable to produce the proposed regulation for notice-

and-comment on or about July 5, 2018, approximately 90 days after April 6, 2018,[5] the court will

consider imposing its own deadline so that the Congressional requirement is not abrogated

through excessive delay." Tabacos I, at *8.

Ultimately, however, the NPRM was not presented to the Office of the Federal Register for

publication until July 25, 2018. Defendants' Response to Plaintiffs' Motion for the Entry of a

Judgment Order, Doc. No. 44, at 3 (Aug. 10, 2018) ("Def. Br."). Plaintiffs received a copy when

the NPRM was made electronically available on July 27, 2018, id., the same day Tabacos I had

directed Plaintiffs to update the court as to the status of the matter, Tabacos I, at *9. The NPRM

was published for notice and comment in the Federal Register on August 2, 2018. Modernized

Drawback, 83 Fed. Reg. 37,886 (CBP & Treasury, Aug. 2, 2018). The Federal Register notice

provided for a public comment period concluding on September 17, 2018. 83 Fed. Reg. at

37,886.

Prior to publication of the NPRM, the parties complied with the court's directive in Tabacos I

to "consider what remedies are administratively feasible and . . . meet to discuss possible

remedies." Tabacos I, at *9. On July 20, 2018, certain CBP representatives[6] met with

---

[5] The period for interagency review is 90 days, unless "OIRA has previously reviewed the
information and, since that review, there has been no material changes in the facts and
circumstances upon which the regulatory action is based, in which case, OIRA shall complete its
review within 45 days[.]" Exec. Order No. 12,866, 58 Fed. Reg. 51,735, at § 6(b)(2)(B) (Sept.
30, 1993) ("Exec. Order No. 12,866"). The Court has considered the 45-day period in
formulating its Order.

[6] No Treasury representatives were present at this meeting. Plaintiffs' Memorandum in Support
of Motion for Entry of Judgment Order, Doc. No. 40, at 8 n.7 (July 27, 2018); see Def. Br. at 4.

representatives of the Plaintiffs and discussed, inter alia, the possibility of severing the Section

906 implementing regulations and implementing those as an IFR while the notice and comment

process for the full NPRM continued in parallel.  See Def. Br. at 5; Plaintiffs' Memorandum in

Support of Motion for Entry of Judgment Order, Doc. No. 40, at 3–4 (July 27, 2018) ("Pl. Br.").

In deciding not to issue an IFR, CBP

> informed plaintiffs that [it] could not take this approach because (1) the drawback
> calculation aspects are interwoven throughout the entire package, (2) the time that
> it would take to start over and go back through the interagency process to seek
> clearance to promulgate . . . interim final rules may be just as long as complying
> with the notice and comment requirements . . . and (3) the . . . circumstances of
> this case do not meet the legal standard for departing from [notice and comment]
> requirements.

Def. Br. at 5.  The parties were ultimately unable to reach an agreement,[7] and Plaintiffs filed a

motion for entry of judgment. Plaintiff's Motion for Entry of Judgment Order, Doc. No. 39 (July,

27, 2018).

        The court then held two status conferences. In-Person Conference, Doc. No. 46 (Aug. 23,

2018) ("Conf. 1"); In-Person Conference, Doc. No. 52 (Oct. 2, 2018) ("Conf. 2").  After the first

conference, parties each submitted briefs listing which provisions of the total rule package they

believed concerned drawback calculations and would need to be implemented in order to satisfy

Section 906. Government Response, Doc. No. 48 (Sept. 6, 2018) ("Gov. Resp."); Plaintiff's

Response, Doc. No. 50 (Sept. 21, 2018) ("Pl. Resp.").  During the second status conference, the

Government stated that review of the comments received during the comment period was

continuing apace, that there appeared to be no changes to the drawback provisions that were so

---

[7] The parties also discussed the court's suggested "double filing" remedy, see Tabacos I, at *9,
but determined that the resulting benefit would be outweighed by the increased burden on both
Plaintiffs and the Government, see Def. Br. at 4; Pl. Br. at 4 n.3.

substantial that republication would be necessary, and that any changes would be ready for

submission to the OMB for its review by October 30th, and transmitted on October 31st, with an

expectation that the final rules would be published and effective by the end of the transition

period on February 23, 2018.[8]  Conf. 2.  The Court expressed continued concern that the

importing public would not have the benefits that should have been available during the

transition period nor would it have any useful notice prior to the implementation of the new

regulations, if the regulations were not published well before the expiration of the transition

period.  Id.  With this in mind, the court ordered parties to propose a joint order establishing

which NPRM provisions needed to be made effective to address the drawback claims at issue so

that the court could order those effective as final regulations on a specified date.  Id.

## JURISDICTION AND STANDARD OF REVIEW

As discussed in further detail in Tabacos I, the court has jurisdiction over this action

under:

> 28 U.S.C. § 1581(i)(4) as it relates to 28 U.S.C. § 1581(i)(1).  Together, these
> statutes grant the court "jurisdiction of any civil action commenced against the
> United States, its agencies, or its officers, that arises out of any law of the United
> States providing for--administration and enforcement with respect to [, inter alia,
> import revenues]."  28 U.S.C. § 1581(i)(1), (i)(4).  Plaintiffs challenge CBP's
> "administration and enforcement" of the duty drawback provisions, which are a
> feature of import revenue collection.

Tabacos I, at *3; see also id. at *4.  In reviewing agency action under the Administrative

---

[8] In a written order to the parties, the Court raised the issued whether any regulations might need
to be published 60 days prior to their effective date in order to comply with section 5 U.S.C. §
801. Order Doc. No. 51 at 2 (Sept. 21, 2018). During the conference, the Government asserted
that the NPRM falls under the 5 U.S.C. § 808 good cause exception to this publishing rule and
the NPRM specifies that the regulation will become effective upon publication, except for a
limited set of provisions regarding the drawback of excise taxes. See Modernized Drawback, 83
Fed. Reg. 37,886, 37,920 (CBP & Treasury, Aug. 2, 2018).

Procedure Act ("APA"), the court will uphold Defendants' actions unless, inter alia, they are

"found to be-- (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law . . ." 5 U.S.C. § 706(2) (2012); see also Nat'l Customs Brokers & Forwarders Ass'n of

Am., Inc. v. United States, 18 C.I.T. 754, 758–59, 861 F. Supp. 121, 127 (1994), aff'd, 59 F.3d

1219 (Fed. Cir. 1995).  The court will furthermore "compel agency action unlawfully withheld or

unreasonably delayed[.]" 5 U.S.C. § 706(1).

## DISCUSSION

Plaintiffs request that the court order Defendants to publish selected portions of the

NPRM which implement TFTEA Section 906 as an IFR.  Pl. Br. at 2; Supplement to Plaintiffs'

Motion for Entry of Judgment, Doc. No. 41-1, at 7 (Aug. 3, 2018) ("Pl. Supp. Br.") (listing

specific draft regulations which would accomplish this).  Plaintiffs contend that drawback

calculation regulations must be in force for Defendants to satisfy their obligations under TFTEA

§ 906(g).  See Pl. Br. at 7.  In order to achieve this, Plaintiffs first contend that the court can and

should find "good cause," within the meaning of 5 U.S.C. § 553(b)(B), to dispense with the

APA's standard notice and comment procedures.  See Pl. Br. at 9–15.

The Government, on the other hand, has renewed its earlier contention that Plaintiffs are

essentially seeking a writ of mandamus, Def. Br. at 2 n.1.  As in Tabacos I, however, the court is

not persuaded that this action, which states a claim under the APA, should be analyzed as

seeking a writ of mandamus.  See Tabacos I, at *8 n.11.  Writs of mandamus are only proper in

the "absence of an adequate alternative remedy." Timken Co. v. United States, 893 F.2d 337,

339 (Fed. Cir. 1990); see also 28 U.S.C. § 2643(c)(1) (1993).[9]  The U.S. Court of Appeals for the

---

[9] Alternatively, were the APA not to supply an "adequate alternative remedy," the court would
find the other elements of the mandamus test to be satisfied.  A plaintiff must demonstrate "(1) a

Seventh Circuit has stated that "[the APA] authorizes district courts to 'compel agency action

unlawfully withheld or unreasonably delayed' without the need of a separate action seeking

mandamus."  Valona v. U.S. Parole Com'n, 165 F.3d 508, 510 (7th Cir. 1998) (quoting 5 U.S.C.

§ 706(1)).  Where claims for relief may qualify under either the APA or 28 U.S.C. § 1361,

various Circuit Courts of Appeals have likewise analyzed such claims under the APA.  See

Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla., 641 F.3d 1259, 1268 (11th Cir. 2011);

Stehney v. Perry, 101 F.3d 925, 934 (3d Cir. 1996); Indep. Min. Co. v. Babbitt, 105 F.3d 502,

507 (9th Cir. 1997); see also Japan Whaling Ass'n v. Am. Cetacean Soc., 478 U.S. 221, 230 n.4

(1986) (characterizing a mandamus claim as "in essence" one seeking action under APA Section

706(1)).[10]

---

clear duty on the part of the defendant to perform the act in question; (2) a clear right on the part
of the plaintiff to demand the relief sought."  Timken, 893 F.2d at 339.  As discussed infra in
Section I, Defendants have a duty to publish certain regulations under TFTEA § 906(g).  The
contours of this duty are clear, non-discretionary, and not subject to any unfulfilled prerequisites.
Defendants' statutory violation is current and ongoing.  Additionally, given the paralysis and
confusion which would result were the regulations required by TFTEA § 906(g) not in force
significantly before the end of the transition year, and given the loss of the benefit of claim
processing under the new statute during the transition period, Plaintiffs have clearly established
their right to this "extraordinary remedy."  In re Vistaprint Ltd., 628 F.3d 1342, 1344 (Fed. Cir.
2010).

[10] Cases previously cited by Defendants do not concern the interplay between writs of mandamus
and injunctive relief sought under the APA, and do not compel a different result.  See
Defendants' Memorandum in Support of its Motion to Dismiss and Opposition to Plaintiffs'
Motion for Preliminary Injunction, Doc. No. 23–1, at 35 (Apr. 13, 2018) (citing Timken Co., 893
F.2d at 339–42 (granting a writ of mandamus to compel the U.S. Department of Commerce to
publish notice of an adverse decision of the U.S. Court of International trade in the Federal
Register, as required by 19 U.S.C. § 1516a(e) (1988), and finding that injunctive relief under 19
U.S.C. § 1516a(c)(2) is not an adequate alternative); Cheney v. United States Dist. Court for
Dist. Of Columbia, 542 U.S. 367, 378 (2004) (remanding for consideration of a mandamus claim
seeking to compel compliance with procedural and disclosure requirements of the Federal
Advisory Committee Act)); see also In re Cheney, 334 F.3d 1096, 1113 n.1 (D.C. Cir. 2003),
vacated and remanded sub nom. Cheney, 542 U.S. 367 (2004) (decision below, finding that the
APA did not apply because the advisory committee whose actions plaintiffs challenged was not

The court is persuaded by these decisions and accordingly will apply the APA.  In doing

so, the court must determine: (1) if and how Defendants have not satisfied their obligations under

TFTEA § 906; (2) to the extent issuance of an IFR is the proper course and whether the court has

power to order publication of an IFR based on a judicial finding of "good cause;" and (3) to the

extent it is unnecessary or impossible to order the issuance of an IFR, what other relief the court

may order.

## I.      Defendants' Obligations under the TFTEA and other Applicable Drawback Laws

As discussed at length in Tabacos I, Defendants failed to comply with the mandate of

TFTEA §906(g):

> The TFTEA states: "Not later than the date that is 2 years after the date of the
> enactment of the [TFTEA], the Secretary [of the Treasury] shall prescribe
> regulations for determining the calculation of amounts refunded as drawback
> under this section." TFTEA § 906(g)(l)(2)(A).  The date two years after the
> TFTEA's enactment was February 24, 2018 . . . , drawback calculation
> regulations have still not been published.

Tabacos I, at *7.  The court then concluded that implementing regulations had been withheld in

violation of law.  Id. at *8.  To the extent that Defendants now argue that the regulatory

"prescription" required by TFTEA § 906(g) is satisfied by the NPRM, the court is unconvinced.

The NPRM merely contains proposed regulations.  See Def. Br. at 9.  It is well-established that

"proposed regulations . . . have no legal effect."  United States v. Springer, 354 F.3d 772, 776

(8th Cir. 2004) (quoting Sweet v. Sheahan, 235 F.3d 80, 87 (2d Cir. 2000)); see also, e.g., United

States v. Utesch, 596 F.3d 302, 310 (6th Cir. 2010); United States v. Ryals, 480 F.3d 1101, 1107

---

an "agency" within the meaning of the APA); Timken Co. v. United States, 715 F. Supp. 337,
338 (CIT 1989), aff'd, 893 F.2d 337 (Fed. Cir. 1990) (decision below, impliedly finding that 19
U.S.C. § 1516a did not provide an adequate alternative remedy).

n.8 (11th Cir. 2007).  The court concludes that TFTEA § 906(g) requires the adoption of legally

enforceable regulations within the timeframe indicated.

    Defendants reliance on provisions governing the transition period[11] and resolution

through liquidation[12] are unavailing.  See Def. Br. at 13–14.  The ability to file under both the

old and new statutes during the transition period pre-supposed regulations in place that would

make clear what technical compliance the new statute required and would allow accelerated

drawback under the new statute, as well as the old.  Further, the right to liquidation within a

certain time period does not give plaintiffs the benefits they should have pre-liquidation.[13]  Both

these provisions are irrelevant to this dispute as it now stands.

## II.      Whether the Issuance of an IFR is Appropriate at this Stage in the Proceedings

    As the government has both elicited and received comments from the public through

notice and comment procedures, the court finds that considerations regarding good cause needed

for an agency to promulgate a pre-notice and comment interim regulation moot. See 5 U.S.C. §

553. Even if this issue were not moot, the court is not convinced that 5 U.S.C. § 553 applies to

---

[11] Defendants rely on 5 U.S.C. § 906(q) which states, in relevant part: "During the one-year period beginning on the date that is 2 years after the date of the enactment of this Act, a person may elect to file a claim for drawback under— (A) section 313 of the Tariff Act of 1930, as amended by this section; or (B) section 313 of the Tariff Act of 1930, as in effect on the day before the date of the enactment of this Act." 5 U.S.C. § 906(q)(3).

[12] The relevant statute governing liquidation of entries or claims for drawback provides: "Except as provided in subparagraph (B) or (C), unless an entry or claim for drawback is extended under subsection (b) or suspended as required by statute or court order, an entry or claim for drawback not liquidated within 1 year from the date of entry or claim shall be deemed liquidated at the drawback amount asserted by the claimant or claim. Notwithstanding section 1500(e) of this title, notice of liquidation need not be given of an entry deemed liquidated." 19 U.S.C. § 1505(a)(2)(A).

[13] In this context, liquidation is the final determination of a claim for drawback.

remedies a court finds necessary in the face of a statutory violation. Rather, it governs

discretionary agency action.  Thus, the court understands that the proper course of action is not to

order publication of an IFR, but to provide an alternative form of relief.

### III.     Whether the APA Provides Alternative Relief to Address Defendants' Unlawful Delay.

Under the APA, "[a] person suffering legal wrong because of agency action . . . is entitled to

judicial review thereof."  5 U.S.C. § 702 (1976).  The court has already determined that the IGD

itself constituted final and reviewable agency action, Tabacos I, at *3–*4, and concluded that

publication of the NPRM, which carries out the course of action prescribed by the IGD, see IGD

at 15, still "operates to indefinitely dictate Plaintiffs' drawback rights under the TFTEA."

Tabacos I, at *4.  As discussed supra, the court has already determined that the agencies' failure

to timely promulgate regulations governing TFTEA drawback calculation is not in accordance

with law and that any further delay causes continuing detriment to importers, including plaintiffs.

The APA provides: "To the extent necessary to decision and when presented, the reviewing

court shall . . . compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. §

706(1); see also Tabacos I, at *8.  The court considers that continued delay in promulgating the

NPRM, despite the court's clear directive in Tabacos I, the fast-approaching end of the transition

year, and the agencies' unwillingness to coordinate and propose a schedule that allows for useful

notice to importers for final preparation of claims under the new statute and receipt of payment

in advance of liquidation as provided by regulation,[14] requires court action.

---

[14] Once accelerated payment regulations applicable to "TFTEA-Drawback" claims become
operational, that is the calculation regulations are in effect, CBP shall process the delayed claims
seeking accelerated payments as soon as possible.

IV.     **Which Portions of the NPRM Correspond to Section 906 and are Necessary to Finalized Drawback Regulations**

As indicated, after a status conference on October 2, 2018, the court ordered parties to confer and draft an order specifying which portions of the NPRM needed to be promulgated in order to implement the regulations required by TFTEA § 906(g). The parties were unable to come to an agreement and instead proposed two separate orders. The Plaintiff objects to the scope of the order proposed by the government. The government asserts that the entire rules package must be promulgated to avoid administrative problems. The Court defers to the government on this matter.  As the Court, however, finds neither of the proposed orders entirely acceptable, it has modified the government's proposed order.


                                    **CONCLUSION**

Plaintiffs' Motion for Entry of Judgment is **GRANTED** in part.


                                                    /s/Jane A. Restani
                                                    Jane A. Restani, Judge

Dated: October 12, 2018
          New York, New York

Slip Op. 18-138

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **TABACOS DE WILSON, INC., TOBACCO RAG PROCESSORS, INC., BROWN-USA, INC., NIPPON AMERICA GROUP/OKURA USA INC., SKATE ONE CORPORATION, ALLIANCE INTERNATIONAL, CHB, INC., C.J. HOLT & COMPANY, INC., and CUSTOMS ADVISORY SERVICES, INC.,** | |
| Plaintiffs, | **Before: Jane A. Restani, Judge** |
| v. | **Court No. 18-00059** |
| **UNITED STATES, UNITED STATES CUSTOMS AND BORDER PROTECTION, STEVEN T. MNUCHIN, In his official capacity as Secretary of the Treasury, and ACTING COMMISSIONER KEVIN K. MCALEENAN, In his official capacity as Commissioner, U.S. Customs & Border Protection,** | |
| Defendants. | |

## <u>ORDER</u>

Upon consideration of the parties' claims and arguments, upon all filings and proceedings had in this action, and upon due deliberation; it is hereby

ORDERED that, on or before December 17, 2018, the United States shall file with the Office of the Federal Register (*see* 44 U.S.C. § 1503) the final rule developed pursuant to the notice announced in *Modernized Drawback*, 83 Fed. Reg. 37,886 (Dep't of the Treasury Aug. 2, 2018); and it is further

ORDERED that the final rule filed pursuant to the preceding paragraph shall become

effective on the day of its filing with the Office of the Federal Register, except that the

provisions related to drawback of excise taxes, denoted as 19 C.F.R. §§ 190.22(a)(1)(C),

190.32(b)(3), 191.22(a), 191.32(b)(4), and 191.171(d) in the proposed rule, may become

effective 60 days after publication in the Federal Register as noted in the text of the proposed

rule.

      ORDERED that the government may, in its discretion, choose to withhold from

promulgation on December 17, 2018, any of the provisions beyond those listed in plaintiffs'

proposed order.


                                        /s/Jane A. Restani
                                   Jane A. Restani, Judge

Dated: October 12, 2018
      New York, New York